UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE ARIC HOLTS, #178133,

        Petitioner,

                                              File No. 1:06-CV-737

v.

                                              HON. ROBERT HOLMES BELL

CINDI S. CURTIN,

        Respondent.
                                         /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

       This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. (Dkt. No. 1, Pet. for Writ of Habeas Corpus.) The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 19, R&R.) This matter is presently before the Court on Petitioner George Aric Holts's objections to the R&R. (Dkt. No. 20, Pet.'s Objs.)

       This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

       Petitioner's first objection is to the Magistrate Judge's recommendation that Petitioner's challenge to the validity of his plea should be rejected. Petitioner states that he

was "coercively threatened" to plead guilty because he confronted a possible life sentence under the original charge. (Pet.'s Objs. 2.) Petitioner's objection must be rejected, because, as the Magistrate Judge noted, the fact that a criminal defendant confronted an unpalatable choice (e.g., a possible life sentence under the original charge) does not render the resulting plea involuntary. *See Brady v. United States*, 397 U.S. 742, 750-51 (1970).

Petitioner's second objection is to the Magistrate Judge's recommendation that the Court reject Petitioner's contention that there was an insufficient basis to charge him with assault with intent to commit criminal sexual conduct involving penetration, M.C.L. § 750.520g(1). Petitioner was initially charged with assault with intent to commit criminal sexual conduct involving penetration, M.C.L. § 750.520g(1), with a habitual offender-fourth offense notice, M.C.L. § 769.12, but Petitioner then pleaded guilty to the lesser offense of fourth-degree criminal sexual conduct, M.C.L. § 750.520e. By pleading guilty Petitioner waived any challenge to the sufficiency of the evidence. *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) (per curiam). Petitioner's second objection will be denied.

Petitioner's third objection is to the Magistrate Judge's recommendation that the Court reject Petitioner's contention that his counsel in state court was constitutionally ineffective. Petitioner specifically objects to the Magistrate Judge's statement that "petitioner has not alleged the existence of prejudice." (R&R 17.) Petitioner directs the Court to two statements from Petitioner's reply to Respondent's answer. The statements identified by Petitioner are essentially re-statements of the definition prejudice, but do not

state any facts specific to prejudice accruing against Petitioner. Petitioner's bare allegation of prejudice in the absence of a specific articulated basis for prejudice is insufficient to satisfy Petitioner's burden to show prejudice. *See Short v. United States,* 471 F.3d 686, 696-97 (6th Cir. 2006). Petitioner's third objection will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 20) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 19) is **APPROVED** and **ADOPTED** as the opinion of the Court.

A judgment will be entered consistent with this memorandum opinion.


Date:     May 16, 2008                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE